**Relief Requested**
**Without a Hearing**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HARBOR HEIGHTS, INC., | ) | Chapter 7 |
| | ) | Case No. 19-20649 PGC |
| Debtor. | ) | |

## CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY COUNSEL

Anthony J. Manhart, the duly-appointed, qualified, and acting interim Chapter 7 Trustee in the above-captioned case (the "Trustee"), pursuant to 11 U.S.C. §§ 327 and 328, Federal Rule of Bankruptcy Procedure 2014, and D. Me. LBR 2014-1, 2014-2, 2014-3, and 9013-1(d)(1), respectfully represents and requests as follows:

1. On December 24, 2019, Harbor Heights, Inc. ("Debtor") filed an original voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code").

2. Pursuant to § 701 of the Code, the Trustee is the duly-appointed, qualified, and acting interim Chapter 7 trustee in this case.

3. The Trustee requires the immediate assistance of and representation by counsel for the following purposes:

    a. To represent, assist, and advise the Trustee with respect to his powers and duties in this case;

    b. To represent, assist, and advise the Trustee in his investigation and analysis of the acts, conduct, assets, liabilities, and financial condition of Debtor, the pre- and post-petition transactions of Debtor, and other matters relevant to the administration of this case;

    c. To represent, assist, and advise the Trustee in administering, selling, liquidating or otherwise realizing on personal property, and any other assets of Debtor's estate, including pursuing causes of action; and

    d. To perform such other legal services for the Trustee and the estate as may be required and are in the best interest of the estate.

4. For the foregoing and all other necessary and proper purposes, the Trustee proposes and desires to retain Anthony J. Manhart, Esq., and the law firm of Preti Flaherty, LLP (together, "Counsel"), as his counsel. The Trustee first contacted Counsel on January 15, 2020,

and Counsel has performed necessary services for the benefit of the Trustee and the estate on and after that date pending the Court's approval of this Application.

5. The Trustee believes that Counsel is well qualified to render the foregoing services because certain partners/directors and associates have practiced extensively in bankruptcy, corporate reorganization, and debtor/creditor matters, and are well qualified to represent the Trustee. The current hourly rate for Anthony J. Manhart, Esq. is $360. The current hourly rates charged by Counsel for professionals and paralegals employed in its offices are:

| | |
|---|---|
| Partners/Directors | $295–$510 |
| Associates | $225–$390 |
| Paralegals | $130–$240 |

The Trustee anticipates that the attorneys involved in this case will not charge more than $360 per hour.

6. In order to effectively perform his duties as Trustee in Debtor's case, the Trustee requires the representation of counsel. Pursuant to §§ 327 and 328 of the Code, the Trustee has the power to employ counsel.

7. Section 327 of the Code provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> . . .
>
> (d) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate. . . .

8. Section 328(a) of the Code provides:

> The trustee or committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1003 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

9. The Trustee has selected Counsel to act as his counsel and by this Application seeks the Court's approval to retain Counsel. Counsel has the appropriate experience and expertise needed to represent the Trustee.

10. The Trustee is satisfied from the Declaration of Anthony J. Manhart, Esq., filed together herewith, that Counsel does not hold or represent any entity having an interest adverse

to the estate in connection with this case and that Counsel are disinterested persons within the meaning of §§ 327(a) and 101(14) of the Code. Therefore, the Trustee's retention of Counsel under § 327 of the Code is proper and appropriate.

11. The Trustee, on behalf of the estate, anticipates that funds to pay Counsel on an hourly basis will be available and wishes to retain Counsel under a general retainer on an hourly basis, subject to this Court's approval of fees and expenses prior to payment of the same from estate funds.

12. The Trustee desires to employ Counsel with reasonable compensation and reimbursement of expenses to be determined by the Court. No compensation will be paid by the Trustee to Counsel except upon application therefor and approval by the Court after notice and hearing. Counsel has not received a retainer in connection with this case. Counsel will charge for services rendered at the billing rate in effect at the time such services are provided.

13. It is in the best interest of the Trustee and the estate that Counsel be retained.

14. Pursuant to D. Me. LBR 2014-3, the Trustee anticipates that Counsel will represent, assist, and advise the Trustee as set forth in ¶ 3. The Trustee requires immediate assistance of counsel in disposing of and/or liquidating estate property and analysis of Debtor's financial affairs. At this early stage of the case, it is very difficult for the Trustee to estimate the fee range of this case. If litigation is pursued by the estate, the fee range could be in the amount of $20,000 to $30,000. If no litigation is pursued, the fee range could be in the $2,500 to $5,000 range.

WHEREFORE, the Trustee respectfully requests that he be authorized, pursuant to 11 U.S.C. §§ 327 and 328, Federal Rule of Bankruptcy Procedure 2014, and D. Me. LBR 2014-1, 2014-2, and 2014-3, to employ Anthony J. Manhart, Esq., and the law firm of Preti Flaherty, LLP, as his counsel in this bankruptcy case, at the expense of the estate, effective as of January 15, 2020, and that the Court grant the Trustee such other and further relief as is just and equitable.

Dated at Portland, Maine, this 15th day of January, 2020.

/s/ Anthony J. Manhart
Anthony J. Manhart
Chapter 7 Trustee

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME  04112-9546
(207) 791-3000
trusteemanhart@preti.com

## CERTIFICATE OF SERVICE

      I, Anthony J. Manhart, hereby certify that I caused to be served true and correct copies of the Chapter 7 Trustee's Application to Employ Counsel, Declaration of Anthony J. Manhart, Esq., a proposed Order, and this Certificate of Service on each of the parties set forth on the Service List below, via First Class U.S. mail, postage fully prepaid, on this date.

      All other parties listed on the Notice of Electronic Filing have been served electronically on this date.

      Dated at Portland, Maine, this 15th day of January, 2020.

                                    /s/ Anthony J. Manhart
                                    Anthony J. Manhart, Esq.
                                    Proposed counsel for
                                    Anthony J. Manhart, Chapter 7 Trustee

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME  04112-9546
(207) 791-3000
amanhart@preti.com

## Service List

N/A

15143895.1