## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | |
| HARBOR HEIGHTS, INC., ) | Chapter 7 |
| ) | Case No. 19-20649 PGC |
| Debtor. ) | |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE

NOW COMES Anthony J. Manhart, the duly-appointed, qualified, and acting Chapter 7 Trustee (the "Trustee") in the above-captioned case, by and through his counsel undersigned, and, pursuant to Federal Rules of Bankruptcy Procedure 9019(a) and District of Maine Local Bankruptcy Rule 9019-1(e), hereby moves this Court to approve and authorize the compromise reached between the Trustee and Ryan Cheplic and Harbor Heights Property Group, LLC (together, "Cheplic") (the Trustee and Cheplic, together, the "Parties"). In support of this Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The statutory authority for the relief sought is 11 U.S.C. §§ 105, 704 and Federal Rule of Bankruptcy Procedure 9019 and District of Maine Local Bankruptcy Rule 9019-1. This is a core proceeding and the Court has jurisdiction to enter a final order on this Motion pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

### BACKGROUND

2. On December 24, 2019, Harbor Heights, Inc. ("Debtor"), filed an original voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code").

3. Pursuant to § 701 of the Code, the Trustee is the duly-appointed, qualified, and acting Chapter 7 trustee in this case.

4. On May 6, 2019, the Debtor entered into an agreement to purchase Cheplic's business assets and business, by way of a seller-financed sale, with Cheplic retaining a claimed security interest in the assets sold to the Debtor, then known as Harbor Heights Tile & Granite (the "Business"). At that time, the Debtor also entered into a commercial lease agreement (the "Lease") with Harbor Heights Property Group, LLC.

5. A dispute has arisen between the Parties regarding alleged misrepresentations made by Cheplic to the Debtor related to the purchase of the Business (the "Misrepresentation Claim"). The Trustee has asserted that any security interest held by Cheplic is avoidable by the Trustee, pursuant to § 544 of the Code (the "Avoidance Claim," and together with the Misrepresentation Claim, the "Claims").

6. Cheplic has denied and continues to deny any wrongdoing and disputes that any security interest is avoidable.

7. On April 7, 2020, after extensive discussion, the Trustee and Cheplic entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

## TERMS OF SETTLEMENT AGREEMENT

8. In the event of any inconsistency between the Settlement Agreement and the description of the Settlement Agreement contained herein, the terms of the Settlement Agreement shall control.

9. In full resolution of all claims between them relating to the Claims and for releases as set forth in the Settlement Agreement, the Parties agree to a compromise as follows:

   a. Cheplic shall pay to the Trustee on behalf of the bankruptcy estate, the total sum of twenty-five thousand dollars ($25,000) as a settlement payment within fourteen days of approval of the Settlement Agreement by this Court;

    b. Cheplic shall pay to the Trustee on behalf of the bankruptcy estate, the total sum of twenty-five thousand dollars ($25,000) as a purchase payment for the purchase of property of the estate within fourteen days of approval of the Settlement Agreement by this Court;[1]

    c. The Parties will provide each other releases;

    d. Cheplic shall release any interest in a certain 2008 Ford Econoline E-350 Box Truck VIN xxxx4952 (the "Truck") and Cheplic consents to any sale proposed by the Trustee and waives any claim, including any secured claim, he/it/they have with respect to the Truck;

    e. The Parties agree that any and all agreements entered into by or between them shall be terminated including the Lease;

    f. The Trustee shall transfer to Cheplic or its assignee, all personal property remaining at the Debtor's former business location in Scarborough, Maine, within 14 days after the Trustee's receipt of the Settlement Payment; and

    g. This agreement is subject to approval by this Court.

## LEGAL STANDARD

10. Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." By its own terms, Federal Rule of Bankruptcy Procedure 9019(a) commits the approval or rejection of a compromise to the sound discretion of the bankruptcy court. *See e.g., In re Murphy*, 288 B.R. 1, 3 (D. Me. 2002); *In re Anolik*, 107 B.R. 426, 429 (Bankr. D. Mass. 1989); *In re Greenacre*, 103 B.R. 1, 4–5 (Bankr. D. Me. 1989).

11. The Court may only approve a compromise if it is in the best interests of the estate. *See, e.g., In re McDonald*, 430 B.R. 5, 10 (Bankr. D. Me. 2010). "The bankruptcy court essentially is expected to 'assess [] and balance the value of the claim[s] . . . being compromised

---

[1] The Trustee will file a separate motion seeking approval of the sale of property of the estate.

- 3 -

against the value . . . of the compromise proposal.'" *Id.* (quoting *Hicks, Muse & Co. v. Brandt (In re Healthco Int'l Inc.)*, 136 F.3d 45, 50 (1st Cir. 1998)).

12. The factors to be considered in assessing a trustee's motion to compromise include:

> (i) the probability of success in the litigation being compromised;
> (ii) the difficulties, if any, to be encountered in the matter of collection;
> (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and,
> (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*In re McDonald*, 430 B.R. at 10. "The experience and competence of the fiduciary proposing the settlement is also to be taken into account." *Id.* "Ultimately, 'the responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness.'" *Id.* (quoting *Healthco Int'l Inc.*, 136 F. 3d at 50–51) (internal citation omitted).

## ARGUMENT

13. The proposed agreement is in the best interest of Debtor's estate and its creditors after considering the factors and balancing the value of the compromise when compared to the costs of litigation relating to the Claims. Specifically, the agreement should be approved for the following reasons:

   a. The proposed agreement was reached after thorough analysis of the merits of the respective claims;

   b. The Trustee believes that, although he would ultimately prevail in any litigation against Cheplic, the costs of such litigation could outstrip the benefit to the estate; and

   c. The proposed agreement will allow the Trustee to maximize value for the benefit of Debtor's estate and its creditors now rather than litigating issues relating to the Claims.

14. For all of the foregoing reasons, the Trustee believes that approving the agreement proposed in this Motion is in the best interest of Debtor's estate.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests this Court enter an order: (a) finding that the agreement and the compromise set forth therein is in the best interest of the Debtor's estate, creditors, and other parties-in-interest for the reasons set forth above; (b) authorizing and directing the Trustee to take all actions required of the Trustee as set forth above; (c) finding that notice of the proposed compromise was adequate under the circumstances of this case; (d) granting this Motion in its entirety; and (e) granting such further relief as the Court deems just and equitable under the circumstances of this case.

Dated at Portland, Maine, this 9th day of April, 2020.

/s/ Bodie B. Colwell
Bodie B. Colwell, Esq.
Counsel for Anthony J. Manhart,
Chapter 7 Trustee

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland ME  04112-9546
(207) 791-3000
bcolwell@preti.com

## **CERTIFICATE OF SERVICE**

I, Bodie B. Colwell, hereby certify that I caused to be served copies of the Chapter 7 Trustee's Motion to Approve Compromise, the Notice of Response Date and Notice of Hearing, the proposed Order Approving Motion to Approve Compromise and this Certificate of Service on each of the parties set forth on the Service List below, via First Class U.S. mail, postage fully prepaid, on this date, unless otherwise indicated. All other parties listed on the Notice of Electronic Filing have been served electronically on this date.

Dated at Portland, Maine, this 9th day of April, 2020.

/s/ Bodie B. Colwell
Bodie B. Colwell, Esq.
Counsel for Anthony J. Manhart,
Chapter 7 Trustee

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME  04112-9546
(207) 791-3000
bcolwell@preti.com

## **Service List**

Ryan Cheplic and Harbor Heights Property Group, LLC
c/o Gerald B. Schofield, Jr., Esq.
via email at gschofield@hablaw.com

15367407.1